

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXX XXXXXXX~~
ATTORNEY GENERAL

Honorable W. O. Reed, chairman
Appropriations Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-3450
Re: Payment of taxes by the State to
school districts in Cherokee
County, Texas, on Texas State
Railroad lands.

Your letter of April 24, 1941, submits the following
question for the opinion of this department:

"At the request of the members of the Ap-
propriations Committee, please inform me whether
or not the Legislature is obligated to pay taxes
to the school districts in Cherokee County,
where the old Texas State Railroad is located,
by authority of Article 2784-B, Revised Civil
Statutes."

Article 2784b, Vernon's Revised Civil Statutes of Tex-
as, reads as follows:

"Sec. 1. That from and after the passage
of this Act, all land in Cherokee County, Texas,
owned by the State of Texas and Prison Commis-
sion of Texas, except the land heretofore set
aside for the Rusk State Hospital, but includ-
ing the land heretofore set aside to the Agri-
cultural & Mechanical College for re-forestation
purposes, shall be subject to taxation for school
purposes where any such land is embraced within
the metes and bounds of any independent or com-
mon school district.

"Sec. 2. Where any such land is embraced
within the metes and bounds of any independent
or common school district, the Trustees of the
Independent School District, of the Commission-
ers' Court for a Common School District, are
hereby authorized to levy and cause to be as-
sessed and collected taxes for school purposes

for the amount and in the manner prescribed by
the General Laws for the levy of school taxes.

"Sec. 3. The taxes herein provided for
shall be assessed and collected in the manner
now prescribed by General Laws for the assess-
ment and collection of school taxes."

Article 1, Section 3, of the Texas Constitution, pro-
vides:

"All free men, . . . have equal rights, and
no man, or set of men, is entitled to exclusive
separate public emoluments, or privileges, . . ."

Article III, Section 51, provides:

"The Legislature shall have no power to
make any grant or authorize the making of any
grant of public money to any individual, asso-
ciation of individuals, municipal or other cor-
porations whatsoever, . ." Except "grant of
aid in cases of public calamity."

Article III, Section 56, prohibits the passing of local
or special laws:

"Regulating the affairs of . . . . school
districts;". . . .

". . . Prescribing the powers and duties of
officers in . . . school districts."

"Regulating the management of public schools,
the building and repairing of school houses, and
the raising of money for such purposes."

"Exempting property from taxation."

Article VIII, Section 2, authorizes the exemption of
public property used for public purposes from taxation, but
only "by general laws."

There is nothing in our Constitution prohibiting the
Legislature from conferring the power to tax State property
upon school districts. This power, however, in our opinion,
cannot be conferred upon some school districts and withheld
from others, without violating the above constitutional pro-
visions -- at least, in the absence of a statute classifying
school districts for the purpose of conferring such authority,

on the basis of characteristics which, considering the object and purpose of the law, affords a reasonable basis for extending the right to those possessing the characteristics and denying it to those who do not.

Article 2784b confers the power to assess and collect taxes on State owned lands from the State only upon school districts situated in Cherokee County, Texas. No classification of school districts is attempted, only designation according to geographical location of the districts and lands involved. It is obvious that mere geographical location bears no reasonable relation to the objects and purposes of the law, so as to authorize this power and privilege to be conferred upon Cherokee County School Districts and withheld from other school districts in other counties wherein State owned lands may be located. Miller v. El Paso County, by the Texas Supreme Court, not yet officially reported.

Subjecting State lands to taxation by certain school districts necessarily involves the idea that State funds shall be appropriated to the payment of such taxes. Our Constitution does not contemplate that the inhabitants of particular school districts (in the absence of public calamity) shall receive the benefit of the application of State funds to the purposes of the districts, when inhabitants of other school districts, similarly situated, are denied the benefits thus accorded. The constitutional guaranty of equal rights to all is violated as effectively by extending privileges to local governmental units in one area of the State which are denied to similar local governmental units similarly situated, in other sections, as by conferring special privileges and benefits upon the inhabitants directly. Our constitutional provisions are designed to prevent unreasonable discrimination between units of local self government. An appropriation of State moneys to certain school districts, when no similar appropriation is made to school districts similarly situated, operates to confer a special benefit upon and unduly favor the citizens and taxpayers of those districts, to the prejudice of the citizens and taxpayers of the school districts not thus favored by the State. Hill v. Snodgrass, (Tenn.) 68 S. W. (2d) 943.

We therefore advise that, in our opinion, Article 2784b is unconstitutional.

Next we turn to the question whether taxes may be due by the State upon the State Railroad lands to the school districts involved, under the provisions of general laws applicable alike to all school districts in the State.

Article 7150, Revised Civil Statutes, provides in Sections 17 and 18 thereof as follows:

"17.   State prison property; school bond taxes.-- Provided that any territory that has been acquired or may hereafter be acquired, by the State of Texas, as a part of any state Prison Farm or property, shall not hereafter be exempt from the payment of its pro rata part of any bond tax of a public school district of which the said territory was a part at the time bonds of the said district which are now outstanding were issued, or which is a part of said district at the time of the issuance of bonds which may hereafter be voted; and the pro rata part of said tax that shall be paid by said territory shall be the proportionate part that the assessed valuation of such territory for county purposes is of the total assessed valuation of the school district for the year in which taxes are assessed. Provided, also, that the said bond tax shall be paid by the governing board of management of the State Prison System out of any funds appropriated therefor by the Legislature.  It is hereby specifically provided that the said bond tax shall be paid for each year that has elapsed since any such territory of a school district was acquired by the State for and as a part of said prison system, if any bonds were then outstanding. Acts 1927, 40th Leg., 1st C. S., p. 224, ch. 81, ∫ 1; Acts 1930, 41st Leg., 5th C. S., p. 191, ch. 49, ∫ 1.

"18.   State prison property; school maintenance tax. -- Provided that any territory that has been acquired or may hereafter be acquited, by the State of Texas, as a part of any State Prison Farm or property, shall not hereafter be exempt from the payment of its pro rata part of any maintenance tax of a public school district of which the said territory was a part at the time said maintenance tax of the said district which are now outstanding was voted, or which is a part of said district at the time any maintenance tax may hereafter be voted by said district; and the pro rata part of said tax that shall be paid by said territory shall be the proportionate part that the assessed valuation of such territory for county purposes is of the total assessed valuation of the school district

for the year in which such taxes are assessed.
Provided, also, that the said maintenance tax
shall be paid by the governing Board of Manage-
ment of the State Prison System out of any funds
appropriated thereby by the Legislature. It is
hereby specifically provided that the said main-
tenance tax shall be paid for each year that
has elapsed since any such territory of a school
district was acquired by the State for and as
a part of said prison system. Acts 1930, 41st
Leg., 5th C.S., p. 190, ch. 47, ﹩ 1."

The property of the State here subjected to taxation
is "State Prison Farms or property". The property involved,
the lands of the State Railroad, is no longer "State Prison
property". Senate Bill 267, Ch. 26, Acts Regular Session, 37th
Legislature, took this property from the jurisdiction of the
Board of Prison Commissioners and placed it in the hands of a
Board of Managers appointed by the Lieutenant Governor to be
sold or leased. This property is now under twenty-year lease
to the T. & N. O. Railroad Company.

You are therefore advised that, in our opinion, the
Legislature is not obligated for the payment of taxes upon
this property under the provisions of Article 7150, Sections
17 and 18.

Attention is directed to the fact that under the pro-
visions of Article 7173, Revised Civil Statutes, 1925, this
property, belonging to the State and being leased for more
than three years, is taxable to the lessee to the extent of
the value of the leasehold interest. Daugherty v. Thompson,
71 Tex. 192; State v. Taylor, 72 Tex. 297.

Yours very truly

ATTORNEY GENERAL OF TEXAS

RWF:LM:wc                                    By s/R. W. Fairchild
                                                R. W. Fairchild
APPROVED MAY 16, 1941                              Assistant
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/REK Chairman